OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner-Relator, DuJuan Adams, seeks a writ of mandamus challenging the decision of the Court of Common Pleas for Mahoning County sentencing petitioner to twenty-six years of consecutive imprisonment.
 {¶ 2} On August 23, 2000, the Court of Common Pleas convicted petitioner of two counts of attempted murder, both carrying a firearm specification. On August 25, 2000, the trial court sentenced petitioner to ten years imprisonment for each attempted murder and three years for each firearm specification. The trial court ordered the sentences to run consecutively for twenty-six years.
 {¶ 3} Petitioner filed a notice of appeal with this court on September 25, 2000. On March, 7, 2002, this court dismissed appellant's appeal.
 {¶ 4} On June 10, 2004, petitioner filed a petition for a writ of mandamus. Respondent, Judge R. Scott Krichbaum Mahoning County Common Pleas Court, filed a motion to dismiss the writ on July 2, 2004.
 {¶ 5} The fundamental criteria for issuing a writ of mandamus are well established. A relator is entitled to mandamus if: he has a clear legal right to the relief prayed for, the respondent is under a clear legal duty to perform the acts, and the relator has no plain and adequate remedy in the ordinary course of law.State ex rel Berger v. McMonagle (1983), 6 Ohio St.3d 28, 29,451 N.E.2d 225.
 {¶ 6} To survive a 12(B)(6) motion to dismiss, petitioner must state his claim with sufficient particularity to show that petitioner might prove some set of facts entitling him to relief.State ex rel. Boggs v. Springfield Local School Dist. Bd. ofEdn. (1995), 72 Ohio St.3d 94, 95, 647 N.E.2d 788.
 {¶ 7} Petitioner bases this mandamus action on the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,793 N.E.2d 473, 2003-Ohio-4165. In that case, the Supreme Court held that R.C. 2929.14(E)(4) and 2929.19(B)(2)(c) require a trial court to make statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing before imposing consecutive sentences. Id. at paragraph one of the syllabus. Furthermore, R.C. 2929.14(B) requires a trial court to make statutorily sanctioned findings at the sentencing hearing before imposing a non-minimum sentence on a first offender. Id. at paragraph two of the syllabus.
 {¶ 8} Petitioner claims that the decision in Comer, decided on August 27, 2003, should apply retroactively to petitioner's August 25, 2000 sentence. Petitioner further claims that under the retroactive Comer standard, the trial court did not make the required statutorily enumerated findings. Accordingly, petitioner asks this court to vacate his sentence and remand this case to the trial court with an order to re-sentence petitioner in compliance with Comer.
 {¶ 9} The first issue to consider is whether petitioner has a clear legal right to the retroactive application of R.C.2929.14(E)(4) and 2929.19(B)(2)(C). The Supreme Court of Ohio addressed the retroactive application of a criminal law in Statev. Evans (1972), 32 Ohio St.2d 185, 291 N.E.2d 466. The court stated, "the issue of whether a new rule should be applied retroactively only arises when a conviction has become final." Id. at 187. A final conviction, in relation to retrospective application, occurs when the accused exhausts all of his or her appellate remedies. Id. The Supreme Court held that judicial alteration of a criminal law must be applied to any case that is still pending in Ohio's court system. Id. On the contrary, new case law does not retroactively apply to a final conviction. Id. Thus, Comer does not retroactively apply to cases that were final on August 27, 2003. Id; State v. Greene, 6th Dist No. S-03-045, 2004-Ohio-3456, at ¶ 10; State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-3423, at ¶ 7; Olds v. State, 11th Dist. No. 2003-A-0129, 2004-Ohio-1848, at ¶ 3.
 {¶ 10} In this case, petitioner did not have an appeal pending before this court or the Supreme Court at the time of theComer decision. Petitioner's conviction was final when this court dismissed petitioner's direct appeal on March 7, 2002, seventeen months before the Comer decision. Thus, petitioner has no legal right to retroactive application of the Comer
decision.
 {¶ 11} Because petitioner can prove no set of facts entitling him to relief, respondent's motion to dismiss is granted. Petition dismissed. Costs taxed against petitioner. Final order.
 {¶ 12} Clerk to serve notice as provided in the civil rules.
Donofrio, J., concurs.
Vukovich, J., concurs.
Waite, P.J., concurs.