OPINION AND JOURNAL ENTRY
{¶ 1} Petitioner-Relator, Jason Smith, seeks a writ of mandamus challenging the decision of the Court of Common Pleas for Carroll County sentencing relator to eleven years of consecutive imprisonment.
 {¶ 2} Relator pled guilty to two counts of aggravated robbery, one of which contained a firearm specification. On December 18, 2000, the trial court sentenced relator to four years imprisonment for each aggravated robbery and three years for the firearm specification. The trial court ordered the sentences to run consecutively for eleven years. Relator did not appeal from this entry.
 {¶ 3} On August 27, 2004, relator filed a petition for a writ of mandamus. Respondent, Judge William J. Martin of the Carroll County Common Pleas Court, filed a motion to dismiss the writ on September 14, 2004. Relator filed his brief in opposition on October 18, 2004.
 {¶ 4} The fundamental criteria for issuing a writ of mandamus are well established. A relator is entitled to mandamus if: 1) he has a clear legal right to the relief prayed for; 2) the respondent is under a clear legal duty to perform the acts; and, 3) the relator has no plain and adequate remedy in the ordinary course of law. State ex rel Berger v. McMonagle (1983),6 Ohio St.3d 28, 29.
 {¶ 5} To survive a Civ.R. 12(B)(6) motion to dismiss, petitioner must state his claim with sufficient particularity to show that petitioner might prove some set of facts entitling him to relief. State ex rel. Boggs v. Springfield Local School Dist.Bd. of Edn., 72 Ohio St.3d 94, 95, 1995-Ohio-0202.
 {¶ 6} Relator bases this mandamus action on the Ohio Supreme Court's decision in State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165. In that case, the Supreme Court held that R.C.2929.14(E)(4) and R.C. 2929.19(B)(2)(c) require a trial court to make statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing before imposing consecutive sentences. Id. at paragraph one of the syllabus. Furthermore, R.C. 2929.14(B) requires a trial court to make statutorily sanctioned findings at the sentencing hearing before imposing a non-minimum sentence on a first offender. Id. at paragraph two of the syllabus.
 {¶ 7} Relator claims that the decision in Comer, decided on August 27, 2003, should apply retroactively to his December 18, 2000 sentence. Relator further claims that under the retroactiveComer standard, the trial court did not make the required statutorily enumerated findings. Accordingly, relator asks this court to vacate his sentence and remand this case to the trial court with an order to re-sentence relator in compliance withComer.
 {¶ 8} This court recently dealt with this same issue inState ex rel. Adams v. Krichbaum, 7th Dist. No. 04-MA-108, 2004-Ohio-4286. That relator also sought to have this court retrospectively apply Comer to invalidate his sentence. We refused, specifically finding that "Comer does not retroactively apply to cases that were final on August 27, 2003." Id. at ¶ 9.
 {¶ 9} In this case, relator's case was final long beforeComer was decided. Accordingly, he has no legal right to retroactive application of the Comer decision. Since relator has no clear legal right to the relief prayed for, his claim for mandamus relief must fail.
 {¶ 10} Because relator can prove no set of facts entitling him to relief, respondent's motion to dismiss is granted. Petition dismissed. Costs taxed against relator. Final order.
 {¶ 11} Clerk to serve notice as provided in the civil rules.
Donofrio, J., concurs, Vukovich, J., concurs, DeGenaro, J., concurs.