OPINION
{¶ 1} On November 1, 2002, the Licking County Grand Jury indicted appellant, Jimmie Kimbrough, on one count of robbery in violation of R.C. 2911.02 and one count of kidnapping in violation of R.C. 2905.01. Said charges arose from an incident on October 26, 2002 wherein a bar was robbed and the bartender was tied up.
 {¶ 2} On January 24, 2003, appellant pled guilty as charged. By judgment entry filed February 19, 2003, the trial court sentenced appellant to five years on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal concerning his consecutive sentencing. This court affirmed the sentence. See, State v.Kimbrough (December 4, 2003), Licking App. No. 03CA48.
 {¶ 4} On June 24, 2000, appellant filed a motion for postconviction relief, claiming ineffective assistance of counsel. By judgment entry filed July 29, 2003, the trial court denied said motion.
 {¶ 5} Appellant appealed this decision on August 25, 2003 (App. No. 03CA76) and August 27, 2003 (App. No. 03CA78). Both these appeals were dismissed on November 3, 2003 and December 19, 2003, respectively.
 {¶ 6} Appellant filed motions to reopen. This court granted said motions and reopened the cases on May 12, 2004. This matter is now before this court for consideration. From appellant's arguments in his pro se brief, we glean the following assignment of error:
 I {¶ 7} "The trial court erred when it denied defendant's postconviction motion to vacate or set aside judgment of conviction or sentence."
 I {¶ 8} Appellant claims the trial court erred in denying his petition for postconviction relief. Specifically, appellant claims he was not effectively represented by trial counsel at his plea and during pretrial discovery. We disagree.
 {¶ 9} R.C. 2953.21 governs petitions for postconviction relief. Subsection (C) states the following:
 {¶ 10} "The court shall consider a petition that is timely filed under division (A)(2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
 {¶ 11} In State v. Jackson (1980), 64 Ohio St.2d 107, syllabus, the Supreme Court of Ohio held the following:
 {¶ 12} "In a petition for post-conviction relief, which asserts ineffective assistance of counsel, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness."
 {¶ 13} Justice Locher further stated the following at 111:

{ ¶ 14} "Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. General conclusory allegations to the effect that a defendant has been denied effective assistance of counsel are inadequate as a matter of law to impose an evidentiary hearing. See Rivera v. United States (C.A.9, 1963), 318 F.2d 606."
 {¶ 15} Our review will be a de novo review of the affidavits and evidence presented. Because appellant's claims are based upon ineffective assistance of counsel, we will use the following standard set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 16} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 17} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 18} The sole affidavit or evidentiary quality material presented was the affidavit of appellant filed May 29, 2003. Appellant stated he failed to perfect an appeal as of right because "I am a manic depression person and my lawyer never inform me that I could. But I have been searing (sic) and just found that I can. I never waive my right to appeal."
 {¶ 19} In its judgment entry of July 29, 2003, the trial court found the transcript of appellant's guilty plea adequately demonstrated that appellant's claim of ineffective assistance of counsel was not well founded.
 {¶ 20} During his plea, the trial court specifically questioned appellant about his medication, and appellant told the trial court it did not affect his ability to communicate with his attorney and did not affect his ability to understand the proceedings. T. at 12. Appellant told the trial court he discussed with his attorney the indictment and the facts surrounding the charges, and the possible defenses, motions and sentences. T. at 4-5, 9-10. Appellant admitted to being satisfied with his attorney. T. at 9-10. Further, appellee filed an extensive discovery packet on November 26, 2002 and December 26, 2002 which was served on defense counsel. This is contra to appellant's position that his trial counsel did not engage in discovery.
 {¶ 21} The petition and record do not support appellant's position of ineffective assistance of trial counsel or a need for an evidentiary hearing.
 {¶ 22} The sole assignment of error is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.