OPINION
{¶ 1} On November 1, 2002, the Licking County Grand Jury indicted appellant, Jimmie Kimbrough, on one count of robbery in violation of R.C. 2911.02 and one count of kidnapping in violation of R.C. 2905.01. Said charges arose from an incident on October 26, 2002 wherein a bar was robbed and the bartender was tied up.
 {¶ 2} On January 24, 2003, appellant pled guilty as charged. By judgment entry filed February 19, 2003, the trial court sentenced appellant to five years on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal concerning his consecutive sentencing. This court affirmed the sentence. See, State v.Kimbrough (December 4, 2003), Licking App. No. 03CA48.
 {¶ 4} On June 24, 2000, appellant filed a motion for post conviction relief, claiming ineffective assistance of counsel. By Judgment Entry filed July 29, 2003, the trial court denied said motion.
 {¶ 5} Appellant appealed this decision on August 25, 2003 (App. No. 03CA76) and August 27, 2003 (App. No. 03CA78). Both these appeals were dismissed on November 3, 2003 and December 19, 2003, respectively.
 {¶ 6} Appellant filed motions to reopen. This court granted said motions and reopened the cases on May 12, 2004. This court affirmed the trial court's denial of appellant's petition for post conviction relief. See, State v. Kimbrough, Licking App. Nos. 03CA76, 03CA78, 2004-Ohio-5429.
 {¶ 7} On December 16, 2005 appellant filed a motion for a new trial. The trial court denied appellant's motion by Judgment Entry filed January 19, 2006.
 {¶ 8} It is from the trial court's Judgment Entry of January 19, 2006, denying his motion for a new trial that appellant appeals, raising the following two assignments of error:
 {¶ 9} "I. THE FAILURE OF TRIAL COUNSEL TO DEFEND, AND, FILE A MOTION TO SUPPRESS THE STATE [SIC.] EVIDENCE, CONVICTION OF MR. KIMBROUGH ON BOTH COUNTS OF THE INDICTMENT DENIED THE DEFENDANT/APPELLANT HIS RIGHTS, CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL.
 {¶ 10} "II. A TRIAL COURT ERROR [SIC.] BY SHOWING PREJUDICE AGAINST APPELLANT KNOWING APPELLANT COUNSEL NEVER PERFORMED ANY DEFENSE FOR APPELLANT WHEN THE [SIC.] WAS INSUFFICIENT AS A MATTER OF LAW AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN A CONVICTION AGAINST APPELLANT FOR ROBBERY AND KIDDNAPPING [SIC.]."
 I. II. {¶ 11} In his assignments of error, appellant maintains that the trial court erred in overruling his motion for a new trial because he was denied effective assistance of counsel. We disagree.
 {¶ 12} At the outset we would note that the appellant plead guilty in the court below. Accordingly, Crim. R. 33 concerning motions for a new trial in a criminal case does not apply to this case. Rather Crim. R. 32.1 governs an accused's request to withdraw a plea. We note the caption of a pro se pleading does not definitively define the nature of the pleading. State v.Reynolds, 79 Ohio St.3d 158, 1997-Ohio-304. Pursuant toReynolds, we find appellant's Motion for a New Trial filed on December 16, 2005 is a Motion to Withdraw a Guilty Plea as defined in Crim. R. 32.1.
 {¶ 13} Crim. R. 32.1: states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentences is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."
 {¶ 14} Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus. In Smith, supra, the Ohio Supreme Court, citing United States v. Semel (C.A.4, 1965), 347 F.2d 228, addressed the concept of "manifest injustice," stating that "[t]his term [manifest injustice] has been variously defined, but it is clear that under such standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." Id. at 264. Furthermore, "[b]efore sentencing, the inconvenience to court and prosecution resulting from a change of plea is ordinarily slight as compared with the public interest in protecting the right of the accused to trial by jury. But if a plea of guilty could be retracted with ease after sentence, the accused might be encouraged to plead guilty to test the weight of potential punishment, and withdraw the plea if the sentence were unexpectedly severe. * * *" State v.Peterseim (1980), 68 Ohio App.2d 211, 213, 428 N.E.2d 863, quoting Kadwell v. United States (C.A.9, 1963), 315 F.2d 667. The length of passage of time between the entry of a plea and a defendant's filing of a Crim. R. 32.1 motion is a valid factor in determining whether a "manifest injustice" has occurred. SeeState v. Copeland-Jackson, Ashland App. No. 02COA018, 2003-Ohio-1043.
 {¶ 15} A reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v. Caraballo (1985),17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 16} A plea of guilty constitutes a complete admission of guilt. Crim. R. 11(B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United State v. Broce (1989), 488 U.S. 563,570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927, 936. The plea renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt.Menna v. New York (1975), 423 U.S. 61, 96 S.Ct. 241,46 L.Ed.2d 195.
 {¶ 17} When a defendant enters a plea of guilty as a part of a plea bargain he waives all appealable errors which may have occurred at trial, unless such errors are shown to have precluded the defendant from entering a knowing and voluntary plea. Statev. Kelley (1991), 57 Ohio St.3d 127, 566 N.E.2d 658.
 {¶ 18} In Hill v. Lockhart (1985), 474 U.S., 106 S.Ct. 366, the Court noted: "[t]he longstanding test for determining the validity of a guilty plea is `whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' North Carolina v. Alford,400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970); seeBoykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711,23 L.Ed.2d 274 (1969); Machibroda v. United States, 368 U.S. 487,493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962) . . . Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice `was within the range of competence demanded of attorneys in criminal cases.' McMann v. Richardson, 397 U.S. 759, 771,90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). As we explained inTollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602,36 L.Ed.2d 235 (1973), a defendant who pleads guilty upon the advice of counsel `may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann' Id., at 267, 93 S.Ct., at 1608." Id. at 56-57, 106 S.Ct. at 369.
 {¶ 19} The Court in Hill, supra, held that the two-partStrickland v. Washington (1984), 466 U.S.68, 104 S.Ct. 2052
test applies to challenges to guilty pleas based on ineffective assistance of counsel. 474 U.S. at 58, 106 S.Ct. 366. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell
(1993), 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180; Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136. In other words "in order to satisfy the `prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, supra,474 U.S. at 59, 106 S.Ct. at 370. However, a different outcome at the plea stage but for counsel's errors is constitutionally insignificant if the ultimate result that was reached was neither unfair nor unreliable. Lockhart v. Fretwell (1993), 506 U.S. 364, 369, 113 S.Ct.838, 842.
 {¶ 20} With respect to statements made during change of plea hearings, the United States Supreme Court has stated: "the representation of the defendant, his lawyer, and the prosecutor in such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Machibroda v. UnitedStates (1962), 368 U.S. 487, 497, 82 S.Ct. 510, 515.
 {¶ 21} In the case at bar at the change of plea hearing which took place on January 24, 2003, the following exchange occurred:
 {¶ 22} "[The Court]: Do you want me to accept your plea of guilty?
 {¶ 23} "[Appellant]: Yes, sir.
 {¶ 24} "[The Court]: And are you pleading guilty because you are guilty as charged?
 {¶ 25} "[Appellant]: Yes, sir."
 {¶ 26} (T. at 12-13). Thus the record supports that the appellant at that hearing acknowledged his guilt of the underlying charge.
 {¶ 27} The appellant's contention that he received ineffective assistance of counsel because he was unaware of the evidence against him is directly contradicted by his statements at the sentencing hearing.
 {¶ 28} Another proper basis upon which to deny the motion without holding an evidentiary hearing is res judicata. State v.Lentz (1994), 70 Ohio St.3d 527, 530, 639 N.E.2d 784; State v.Phillips, 9th Dist. No. 20692, 2002-Ohio-823.
 {¶ 29} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v.Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v.Reynolds (1997), 79 Ohio St.3d 158, 161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko
(Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; Statev. Phillips, supra.
 {¶ 30} In the case at bar, appellant raised the issue of ineffective assistance of counsel in his petition for post conviction relief. In sustaining the trial court's dismissal of the petition filed by appellant, this court noted:
 {¶ 31} "During his plea, the trial court specifically questioned appellant about his medication, and appellant told the trial court it did not affect his ability to communicate with his attorney and did not affect his ability to understand the proceedings. T. at 12. Appellant told the trial court he discussed with his attorney the indictment and the facts surrounding the charges, and the possible defenses, motions and sentences. T. at 4-5, 9-10. Appellant admitted to being satisfied with his attorney. T. at 9-10. Further, appellee filed an extensive discovery packet on November 26, 2002 and December 26, 2002 which was served on defense counsel. This is contra to appellant's position that his trial counsel did not engage in discovery". State v. Kimbrough, 5th Dist. Nos. 03CA76, 03CA78,2004-Ohio-5429 at ¶ 20.
 {¶ 32} As appellant raised and fully litigated this issue in his previously filed petition for post conviction relief, this court concludes that the trial court did not err in overruling appellant's motion because the issue was barred by res judicata.
 {¶ 33} Appellant's sole assignment of error is overruled.
 {¶ 34} The judgment of the Licking County Court of Common Pleas is affirmed.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant.