JOURNAL ENTRY AND OPINION
{¶ 1} Defendant John P. Looney appeals from his sentence for five counts of importuning and one count of possessing criminal tools. For the reasons set forth below, we affirm.
 {¶ 2} On September 2, 2005, defendant was indicted pursuant to a six-count indictment which charged him with five counts of importuning (from February 2005 though July 2005) and one count of possession of criminal tools. Defendant pled guilty to the indictment and was sentenced to a total of four and one-half years of imprisonment. The trial court determined that defendant is a sexually oriented offender. He now appeals and assigns three errors for our review.
 {¶ 3} Defendant's first and second assignments of error are interrelated and state:
 {¶ 4} "Defendant-Appellant's sentence is contrary to law, as it is not supported by the record."
 {¶ 5} "The trial court erred by improperly sentencing appellant, constituting an abuse of discretion in disregarding the purposes and guidelines of felony sentencing enumerated in Sections 2929.11, 2929.12, and 2929.13 of the Ohio Revised Code."
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, the Supreme Court held that those portions of the statutory sentencing scheme which require judicial factfinding to fashion a sentence are unconstitutional. The Court therefore excised 2929.14(B), 2929.19(B)(2), and 2929.41 which set forth a *Page 5 
presumptive minimum or concurrent term or require judicial factfinding to overcome such presumption.[1] The Foster Court concluded that trial courts have full discretion to impose a prison sentence within the statutory range, and are not required to make findings or give their reasons for maximum, consecutive, or greater than the minimum sentences. Id at 30.
 {¶ 7} The Foster Court additionally noted, with regard to fourth and fifth degree felonies:
 {¶ 8} "At first blush, this portion of the statute [R.C. 2929.13] appears to violate Blakely [ v. Washington (2004), 542 U.S. 296,159 L.Ed.2d 403, 124 S.Ct. 2531], but on closer inspection, it does not. * * * [T]he statute does not prevent a court from imposing a prison term without these findings. There is no presumption in favor of community control, in other words. If no findings are made under R.C.2929.13(B)(1)(a) through (i), the court must find that a community control sanction meets the principles of sentencing under R.C. 2929.11
before it must impose community control. Thus, a judge who does not make one of the (B)(1) findings and does not find that community control is a sufficient sanction could still impose a prison term. * * * R.C.2929.13(B)(2)(a) would permit a judge to impose prison rather than community control without R.C. 2929.13(B) findings. This subtle *Page 6 
distinction was found to be constitutional * * *."
 {¶ 9} The statutory range for sentencing for fourth degree felonies is six to eighteen months for the fourth degree felony and six to twelve months for the fifth degree felony. R.C. 2929.14(A)(4) and (5).
 {¶ 10} We further note that the purposes of felony sentencing are set forth in R.C. 2929.11 as follows:
 {¶ 11} "(A) * * * The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
 {¶ 12} "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.
 {¶ 13} "(C) A court that imposes a sentence upon an offender for a felony shall not base the sentence upon the race, ethnic background, gender, or religion of the offender."
 {¶ 14} In this matter, the trial court could have imposed a sentence of over *Page 7 
eight years. In imposing a sentence of four and one-half years, the trial court was well within the statutory range. Moreover, the basis of the charges was explained by the prosecuting attorney as follows:
 {¶ 15} "[o]ur agent was posing as Jules 12Ohio and he talked to at this time Mr. Looney, [whose] screen name was LoonDog16. And in that chat, judge, he wanted to date and have sex with this 12-year-old girl.
 {¶ 16} "On April 21, 2005, LoonDog contacted Jules12 and discussed about boyfriends, losing her virginity and talked about sex inside of her not wearing a condom.
 {¶ 17} "On July 5, of 2005, LoonDog contacted Jules 12 and asked if she wanted to have sex with him, put her on the pill and talked about what he would do inside her mouth. At that time, judge, they discussed setting up a meeting on July 15th of 2005.
 {¶ 18} "On July 6th, your Honor, he asked for a phone call, and we had an undercover agent, posing as Jules 12Ohio talk to him about having sex. [Those are] the five counts of importuning which are felony fours."
 {¶ 19} From the foregoing, we find the sentence consistent with the overriding purposes of felony sentencing. The sentence advances the purpose of protecting the public from future crime by an offender who would seek out a child and solicit sex from her and to punish for such conduct. Moreover, the sentence is commensurate with and not demeaning to the seriousness of the offender's conduct, and there was *Page 8 
no evidence that it was inconsistent with sentences imposed for similar crimes committed by similar offenders. Accordingly, we conclude that the trial court acted within its discretion in fashioning the sentence and these assignments of error therefore lack merit.
 {¶ 20} Defendant's third assignment of error states:
 {¶ 21} "Defendant-Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteen Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."
 {¶ 22} "In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that, but for counsel's errors, the result of the proceeding would have been different."State v. Stevens, Montgomery App. No. 19572, 2003-Ohio-6249, citingStrickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed. 2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373.
 {¶ 23} Pursuant to Crim.R. 32.1, the trial court can set aside a judgment of conviction after it imposes sentence, and may allow the defendant to withdraw his or her plea, only "to correct a manifest injustice." "Manifest injustice" is an extremely high standard which permits the court to allow plea withdrawal only in "extraordinary cases." State v. Herrera, Allen App. No. 1-01-126, 2001-Ohio-2341. A manifest injustice is defined as a "clear or openly unjust act."State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203, 1998-Ohio-271,699 N.E.2d 83. Other courts have *Page 9 
referred to it as "an extraordinary and fundamental flaw in the plea proceeding." State v. Lintner, Carroll App. No. 732, 2001-Ohio-3360;State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284.
 {¶ 24} A post-sentence motion to vacate a guilty plea is addressed to the sound discretion of the trial court and an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. State v. Blatnik (1984), 17 Ohio App.3d 201, 202,478 N.E.2d 1016.
 {¶ 25} In this matter, defendant has not demonstrated that a manifest injustice has occurred and therefore failed to establish grounds for relief under Crim.R. 32.1. Moreover, defendant has not presented any evidence to support his allegations that trial counsel was ineffective. Cf. State v. Madeline, Trumbull App. No. 2000-T-0156 2002-Ohio-1332 We therefore cannot conclude that trial counsel erred by failing to file the post-sentence motion to withdraw his guilty plea.
 {¶ 26} This assignment of error is without merit.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case *Page 10 
remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, JUDGE
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] The Court similarly excised R.C. 2929.14(C), which requires judicial factfinding for maximum prison terms, and R.C. 2929.14(E)(4), which requires judicial findings for consecutive terms. *Page 1