OPINION *Page 2 
{¶ 1} Defendant-appellant, Jimmie Kimbrough, appeals from the February 28, 2007 Judgment Entry of the Licking County Court of Common Pleas denying his Motion for Withdrawal of Guilty Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On November 1, 2002, the Licking County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree, and one count of kidnapping in violation of R.C. 2905.01(A)(2), a felony of the first degree. The charges arose from an incident on October 26, 2002, during which a bar was robbed and the bartender was tied up.
 {¶ 3} On January 24, 2003, appellant pleaded guilty as charged. Pursuant to a Judgment Entry filed on February 19, 2003, the trial court sentenced appellant to five years on each count, to be served consecutively, for an aggregate prison sentence of ten (10) years.
 {¶ 4} Appellant filed an appeal concerning his consecutive sentencing. This Court affirmed appellant's sentence. See State v. Kimbrough
(December 4, 2003), Licking App. No. 03CA48.
 {¶ 5} On June 24, 2003[1], appellant filed a motion for post conviction relief, claiming ineffective assistance of counsel. Appellant, in his motion, alleged that he was not provided with discovery and that his counsel mistakenly informed him that he had been picked out of a line-up and that he was told that if he pleaded guilty, he would receive a five year sentence. Appellant also alleged that he was not advised of his right *Page 3 
to a jury trial, that he was not permitted to be present at his pretrial and that his trial counsel failed to investigate his case. Via a Judgment Entry filed July 29, 2003, the trial court denied said motion.
 {¶ 6} On April 19, 2004, appellant filed a Motion to Withdraw Guilty Plea pursuant to Crim. R. 32.1. Appellant, in his motion, alleged that he received ineffective assistance of counsel, that he was not provided with discovery, that he was not advised of his right to a jury trial, and that his counsel mistakenly told him that he had been picked out of a line up when the discovery that appellant later received proved otherwise. Appellant also alleged that his counsel refused to investigate appellant's case. As memorialized in a Judgment Entry filed on June 3, 2004, the trial court denied such motion.
 {¶ 7} Pursuant to an Opinion filed on October 8, 2004 in State v.Kimbrough, Licking App. Nos. 03CA76, 03CA78, 2004-Ohio-5429, this Court affirmed the decision of the trial court denying appellant's June 2003 petition for post-conviction relief.
 {¶ 8} On June 22, 2005, appellant filed a "Motion for Reconsideration of Sentence Pursuant to Crim. R. 32.1 and/or Motion for Post-Conviction Relief Pursuant to New Constitutional Ruling." Appellant, in such motion, asked for reconsideration of his sentence based on Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The trial court denied appellant's motion.
 {¶ 9} Thereafter, on December 16, 2005, appellant filed a Motion for a New Trial. Pursuant to a Judgment Entry filed on January 19, 2006, the trial court denied such motion. *Page 4 
 {¶ 10} Appellant then appealed. Pursuant to an Opinion filed on September 22, 2006 in State v. Kimbrough, Licking App. No. 2006-CA-15,2006-Ohio-4907, this Court affirmed the judgment of the trial court. In reviewing appellant's appeal, we found appellant's Motion for a New Trial to be a Motion to Withdraw a Guilty Plea as defined in Crim. R. 32.1. This Court, in our September 22, 2006 Opinion, stated, in relevant part, as follows: "The appellant's contention that he received ineffective assistance of counsel because he was unaware of the evidence against him is directly contradicted by his statements at the sentencing hearing.
 {¶ 11} "Another proper basis upon which to deny the motion without holding an evidentiary hearing is res judicata. State v. Lentz (1994),70 Ohio St.3d 527, 530, 639 N.E.2d 784; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823.
 {¶ 12} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. State v. Szefcyk (1996), 77 Ohio St.3d 93, 671 N.E.2d 233, syllabus, approving and following State v. Perry (1967),10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. It is well-settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post conviction relief if he or she could have raised the issue on direct appeal." State v. Reynolds (1997), 79 Ohio St.3d 158,161, 679 N.E.2d 1131. Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he *Page 5 
could not have appealed the claim based upon information contained in the original record." State v. Nemchik (Mar. 8, 2000), Lorain App. No. 98CA007279, unreported, at 3; see, also, State v. Ferko (Oct. 3, 2001), Summit App. No. 20608, unreported, at 5; State v. Phillips, supra.
 {¶ 13} "In the case at bar, appellant raised the issue of ineffective assistance of counsel in his petition for post conviction relief. In sustaining the trial court's dismissal of the petition filed by appellant, this Court noted:
 {¶ 14} "`During his plea, the trial court specifically questioned appellant about his medication, and appellant told the trial court it did not affect his ability to communicate with his attorney and did not affect his ability to understand the proceedings. T. at 12. Appellant told the trial court he discussed with his attorney the indictment and the facts surrounding the charges, and the possible defenses, motions and sentences. T. at 4-5, 9-10. Appellant admitted to being satisfied with his attorney. T. at 9-10. Further, appellee filed an extensive discovery packet on November 26, 2002, and December 26, 2002, which was served on defense counsel. This is contra to appellant's position that his trial counsel did not engage in discovery.' State v. Kimbrough, 5th Dist. Nos. 03CA76, 03CA78, 2004-Ohio-5429 at ¶ 20."
 {¶ 15} "As appellant raised and fully litigated this issue in his previously filed petition for post conviction relief, this court concludes that the trial court did not err in overruling appellant's motion because the issue was barred by res judicata." Id. at paragraphs 27-32.
 {¶ 16} Thereafter, on January 30, 2007, appellant filed a Motion for Withdrawal of Guilty Pleas pursuant to Crim. R. 32.1. Appellant, in his motion, alleged that his plea was *Page 6 
involuntary because it was entered as a result of ineffective assistance of counsel. Appellant specifically alleged that his counsel visited him at the jail and informed him that the victim had positively identified him. Appellant further alleged in his motion that, after reviewing the discovery packet that his counsel had brought to the jail, he discovered that he had not been identified by the victim, but that his counsel still urged him to plead guilty. Appellant further alleged that, on February 19, 2003, he told his counsel that he would like to withdraw his plea, but that his counsel told him that it would be considered perjury if appellant did so.
 {¶ 17} The trial court, as memorialized in a Judgment Entry filed on February 28, 2007, denied such motion, holding that the doctrine of res judicata barred appellant from raising such issues and that there was no showing of a "manifest injustice."
 {¶ 18} Appellant now raises the following assignment of error on appeal:
 {¶ 19} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE APPELLANT'S 32.1 MOTION FOR WITHDRAWAL OF A GUILTY PLEA, WHEN THE APPELLANT SHOWED THAT THE SAME GUILTY PLEA WAS INVOLUNTARY DUE TO THE INEFFECTIVE ASSISTANCE OF COUNSEL."
 I {¶ 20} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Crim. R. 32.1 Motion for Withdrawal of Guilty Pleas. We disagree.
 {¶ 21} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which *Page 7 
resulted in that judgment of conviction, or on an appeal from that judgment." State v. Szefcyk, 77 Ohio St.3d 93, 1996-Ohio-337,671 N.E.2d 233, at syllabus. As noted by the Court in State v. Lorenzo, Lake App. No 2007-L-085, 2008-Ohio-1333. "This doctrine bars claims raised in a Crim. R. 32.1 post-sentence motion to withdraw [a] guilty plea that were raised or could have been raised in prior proceedings.' State v.Young, 4th Dist. No. 03CA782, 2004-Ohio-2711, 2004 Ohio App. LEXIS 2404, at *5 (citations omitted) (emphasis sic); accord, State v.McDonald, 11th Dist. No. 2003-L-155, 2004-Ohio-6332, at ¶ 22." Id. at paragraph 20. See also State v. Tracy, Licking App. No. 04-CA-25,2005-Ohio 1613 and State v. Kimbrough, Licking App. 2006-CA-15,2006-Ohio-4907.
 {¶ 22} As is stated above, appellant filed numerous motions in the trial court alleging that his plea was not knowing, intelligent or voluntary. The claims that appellant now raises either were or could have been raised in his earlier motions. As noted by appellee, "appellant has repeatedly sought, in one way or another to attack the alleged ineffective assistance of his trial counsel at the time of his entering guilty pleas." Appellant's claims are, therefore, barred by the doctrine of res judicata.
 {¶ 23} Furthermore, we find that the trial court did not err in denying appellant's motion for another reason.
 {¶ 24} Crim. R. 32.1 governs the withdrawal of a guilty or no contest plea and states: "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Because appellant's request was made post-sentence, the standard by which the *Page 8 
motion was to be considered was "to correct manifest injustice." The accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. State v. Smith (1977), 49 Ohio St.2d 261,361 N.E.2d 1324, paragraph one of the syllabus. Further, a reviewing court will not disturb a trial court's decision whether to grant a motion to withdraw a plea absent an abuse of discretion. State v.Caraballo (1985), 17 Ohio St.3d 66, 477 N.E.2d 627. In order to find an abuse of discretion, the reviewing court must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 25} In the case sub judice, appellant, in his Motion for Withdrawal of Guilty Pleas, alleged that his plea was involuntary because it was entered as a result in ineffective assistance of counsel. However, appellant's motion was unsupported by any affidavits or other documentary evidence. We find that appellant's unfounded allegations are insufficient to demonstrate manifest injustice. See, for example,State v. Looney, Cuyahoga App. No. 88278, 2007-Ohio-1848. *Page 9 
 {¶ 26} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 27} Accordingly, the judgment of the Licking County Court of Common Pleas is affirmed. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Although time-stamped June 24, 2006, it is apparent from the record that such motion was actually filed in 2003. *Page 1