OPINION *Page 2 
{¶ 1} On November 1, 2002, the Licking County Grand Jury indicted appellant, Jimmie Kimbrough, on one count of robbery in violation of R.C. 2911.02 and one count of kidnapping in violation of R.C. 2905.01. Said charges arose from an incident on October 26, 2002 wherein a bar was robbed and the bartender was tied up.
 {¶ 2} On January 24, 2003, appellant pled guilty as charged. By judgment entry filed February 19, 2003, the trial court sentenced appellant to five years on each count, to be served consecutively.
 {¶ 3} Appellant filed an appeal concerning his consecutive sentencing. This court affirmed the sentence. See, State v. Kimbrough (December 4, 2003), Licking App. No. 03CA48.
 {¶ 4} On June 24, 2000, appellant filed a motion for post conviction relief, claiming ineffective assistance of counsel. By Judgment Entry filed July 29, 2003, the trial court denied said motion.
 {¶ 5} Appellant appealed this decision on August 25, 2003 (App. No. 03CA76) and August 27, 2003 (App. No. 03CA78). Both these appeals were dismissed on November 3, 2003 and December 19, 2003, respectively.
 {¶ 6} Appellant filed motions to reopen. This court granted said motions and reopened the cases on May 12, 2004. This court affirmed the trial court's denial of appellant's petition for post conviction relief. See, State v. Kimbrough, Licking App. Nos. 03CA76, 03CA78,2004-Ohio-5429. The Ohio Supreme Court denied appellant's motion to file a delayed appeal. State v. Kimbrough, 106 Ohio St. 3d 1408,2005-Ohio-3154, *Page 3 830 N.E. 2d 343. Appellant's motion to reconsider was also denied.State v. Kimbrough, 106 Ohio St. 3d 1511, 2005-Ohio-4605,830 N.E. 2d 1251.
 {¶ 7} On December 16, 2005 appellant filed a motion for a new trial. The trial court denied appellant's motion by Judgment Entry filed January 19, 2006. This court affirmed the trial court's denial of appellant's motion for new trial. See, State v. Kimbrough, Licking App. No. 2006-CA-15, 2006-Ohio-4907.
 {¶ 8} On May 5, 2008 appellant filed a petition to vacate or set aside sentence. The trial court denied appellant's motion by Judgment Entry filed May 21, 2008.
 {¶ 9} It is from the trial court's Judgment Entry of May 21, 2008, denying his petition to vacate or set aside sentence that appellant appeals, raising the following assignment of error:
 {¶ 10} "I. THE TRIAL COURT ABUSED IT'S DISCRETION WHEN IT DENIED APPELLANT'S POST-CONVICTION MOTION WHEN APPELLANT HAS SHOWN THAT THE INDICTMENT IS `DEFECTIVE,' AND COUNSEL WAS INEFFECTIVE, BASED UPON SUPREME COURT RULING ON APRIL 9, 2008, `STATE VS. COLON.'"
 I. {¶ 11} Appellant argues that the trial court erred in denying his petition to vacate or set aside sentence. Appellant relies upon the case of State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The court determined that the indictment *Page 4 
failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 12} Colon has no application to this appeal. First, it is important to note that Colon was a direct appeal from the appellant's judgment of conviction, while this is an appeal from the dismissal of a petition to vacate or set aside sentence. In State v. Colon ("Colon II "), — Ohio St. 3d —, 2008-Ohio-3749, the Court the Ohio Supreme Court clarified its decision in Colon I, and stated:
 {¶ 13} "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. In State v. Evans (1972), 32 Ohio St. 2d 185, 61 O.O.2d 422,291 N.E. 2d 466, we stated that "`application of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." Id. at 186, 291 N.E. 2d 466, quoting State v. Lynn (1966), 5 Ohio St. 2d 106, 108, 34 O.O. 2d 226,214 N.E.2d 226.
 {¶ 14} "We recently restated this principle in Ali v. State,104 Ohio St. 3d 328, 2004-Ohio-6592, 819 N.E.2d 687, at ¶ 6: `A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.'(Citations omitted.)
 {¶ 15} "Therefore, the rule announced in Colon I is prospective in nature and applies only to those cases pending on the date Colon I was announced." Id. at ¶ 3-4.
 {¶ 16} Colon I was decided April 9, 2008. Appellant's case was not pending on the date Colon I was announced. *Page 5 
 {¶ 17} Appellant's sole assignment of error is overruled.
 {¶ 18} The judgment of the Licking County Court of Common Pleas is affirmed.
 Gwin, J., Hoffman, P.J., and Wise, J., concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1