[Cite as *State v. Silva*, 2013-Ohio-5605.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                                       :

        Plaintiff-Appellee,                    :

                                  No. 13AP-176
v.                                                                   :          (C.P.C. No. 06CR-05-3445)

Jesus M. Silva,                                                      :          (REGULAR CALENDAR)

        Defendant-Appellant.                   :

---

D E C I S I O N

Rendered on December 19, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee.

*Jesus M. Silva*, pro se.

---

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶1} Defendant-appellant, Jesus M. Silva, appeals from a judgment of the Franklin County Court of Common Pleas which denied his pro se "Motion to Vacate Void Judgments of Defendant's Conviction for Trafficking in Cocaine and Engaging in Corrupt Activity as Both Judgments Violate Defendant's Due Process Rights as Guaranteed by the Fifth Amendment to the United States and Ohio Constitutions."  For the following reasons, we affirm.

{¶2} On May 8, 2006, appellant was indicted on eleven counts, including two counts of trafficking in cocaine, two counts of possession of cocaine, two counts of aggravated funding of drug trafficking, and four counts of money laundering and engaging in a pattern of corrupt activity ("RICO" counts).  Several of those counts contained a major drug offense specification.  On October 9, 2007, appellant entered a

plea of guilty to Counts 1 and 8 of the indictment, trafficking in cocaine, and Count 12 of the indictment, engaging in a pattern of corrupt activity. A nolle prosequi was entered for the remaining counts. On October 31, 2007, the trial court held a sentencing hearing. Appellant was sentenced to eight years for Count 1, eight years for Count 8, and four years for Count 12. The sentences were to run consecutive with each other.

{¶3} Appellant filed a pro se appeal, contending that he did not fully understand the implications of his plea and waiving his rights. Appointed counsel also raised the issue of whether the trial court substantially complied with Crim.R. 11 by not informing appellant that his sentences would be mandatory. This court overruled both assignments of error, finding that the trial court substantially complied with Crim.R. 11, and affirmed the judgment. *See State v. Silva*, 10th Dist. No. 07AP-986, 2009-Ohio-699. Appellant filed a motion for reconsideration, which was also denied.

{¶4} Appellant filed a motion for leave to appeal alleging his sentence of incarceration is contrary to law. His motion for leave to appeal was denied. See *State v. Silva*, 10th Dist. No. 07AP-986 (Mar. 16, 2010) (memorandum decision).

{¶5} On December 30, 2011, appellant filed pro se the motion at issue, a "Motion to Vacate Void Judgments of Defendant's Conviction for Trafficking in Cocaine and Engaging in Corrupt Activity as Both Judgments Violate Defendant's Due Process Rights as Guaranteed by the Fifth Amendment to the United States and Ohio Constitutions." Appellant argued that there was insufficient evidence to support the trafficking conviction, that the trafficking counts should have merged with the RICO count, and that the court failed to comply with R.C. 2929.14(E) in imposing consecutive sentences.

{¶6} The trial court determined that the state was not required to prove the trafficking offense under Count 8 because appellant pled guilty to the charges. The trial court also found that the trafficking counts should not have merged with the RICO offense because appellant committed them with a separate animus. The trial court found it had discretion to impose consecutive sentences pursuant to *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Finally, these issues were barred by res judicata because appellant could have raised them in his direct appeal.

{¶7} In his appeal, appellant filed the following two assignments of error:

### FIRST ASSIGNMENT OF ERROR

The Trial Court Error [sic] When It Imposed a Sentence were [sic] Insufficient Evidence Supported the Conviction.

### SECOND ASSIGNMENT OF ERROR

The Trial Court Erred by not Addressing Appellant's Ineffective Assistance of Counsel Claim, as Counsel was Ineffective during the Sentencing Phase of Proceedings.

{¶8} By his first assignment of error, appellant contends that the trial court erred when it imposed a sentence on Count 8, trafficking in cocaine,[1] when there was insufficient evidence to support the fact that drugs were recovered. Appellant's argument surrounds the testimony at the sentencing hearing when the detective stated that no drugs were recovered. However, upon review of the transcript, the detective stated that 25 kilograms were recovered. (Oct. 9, 2007 Tr. 7.) They believed appellant was involved with another 90 kilograms of cocaine, which was not recovered.

{¶9} Appellant pled guilty to the three counts. A guilty plea is defined as a "complete admission of the defendant's guilt." Crim.R. 11(B)(1). " 'By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime.' " *State v. Tabor*, 10th Dist. No. 08AP-1066, 2009-Ohio-2657, ¶ 11, citing *State v. Kitzler*, 3d Dist. No. 16-02-06, 2002-Ohio-5253, ¶ 12, quoting *State v. Barnett*, 73 Ohio App.3d 244, 248 (2d Dist.1991). Thus, appellant admitted the elements of the offense when he pled guilty to the charge and cannot now argue that those elements were not proven. *See also State v. Hill*, 10th Dist. No. 10AP-634, 2011-Ohio-2869.

{¶10} Appellant also argues that his sentence is void because the trial court imposed the sentence when the evidence did not support the conviction, and, thus, the trial court lacked subject-matter jurisdiction. Appellant's sentence is not void. As stated, the guilty plea is an admission of the elements of the crime. Moreover, the sentence

---

[1] Appellant's motion to vacate addressed Count 8, trafficking in cocaine. In his reply to the memorandum contra the motion to vacate and in the argument section of his brief, appellant's argument is addressed to Count 1, trafficking in cocaine. Regardless of which count, or both, appellant is referring to, the same disposition by us would occur as appellant pled guilty to both counts.

imposed is within the range of prison terms for a first-degree felony. See R.C. 2929.14(A)(1).

{¶11} This argument is also barred by res judicata. "Under the doctrine of res judicata, a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Wooden*, 10th Dist. No. 02AP-473, 2002-Ohio-7663, ¶ 19, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379 (1995). "Res judicata prevents repeated attacks on a final judgment and applies to issues that were or might have been previously litigated." *State v. Sappington*, 10th Dist. No. 09AP-988, 2010-Ohio-1783, ¶ 10, citing *State v. Brown*, 8th Dist. No. 84322, 2004-Ohio-6421. An argument regarding insufficient evidence could have been raised in his direct appeal.

{¶12} Appellant's argument is similar to the defendant's argument in *State v. Totten*, 10th Dist. No. 05AP-278, 2005-Ohio-6210. Totten argued that the evidence of crack cocaine was never introduced or presented to the trial court to establish the identity and quantity of the substance. This court found no merit to the argument since Totten pled no contest to the charge; he had admitted the facts as presented by the prosecution. Thus, the state was not required to present evidence of the identity or quantity of the cocaine. Appellant's first assignment of error is overruled.

{¶13} By his second assignment of error, appellant contends the trial court erred by not addressing his claim that his trial counsel was ineffective during the sentencing phase. He argues that his trial counsel was ineffective for advising appellant to plead guilty. Appellant did not raise this argument to the trial court until his reply memorandum to the memorandum contra the motion to vacate. The state argues that this failure to comply with Loc.R. 12.02, Franklin County Court of Common Pleas, General Division, which restricts reply memoranda to matters in rebuttal, is sufficient reason for the trial court to reject this argument.

{¶14} In order to demonstrate that his counsel's representation was ineffective, appellant must demonstrate that: (1) counsel's performance was deficient; and (2) this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984), superseded by statute on other grounds. "A defendant does not state a claim for ineffective assistance of counsel unless his attorney acted unreasonably given

the facts of the case, and the unreasonable conduct was prejudicial to the defense." *State v. Mills*, 62 Ohio St.3d 357, 370 (1992), certiorari denied, *Mills v. Ohio*, 505 U.S. 1227 (1992). To demonstrate prejudice by trial counsel's deficient performance in the guilty-plea context, a defendant must prove that there exists a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on a trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

{¶15} In this case, appellant argues that trial counsel failed to advise him not to plead guilty to trafficking in cocaine when the cocaine was not recovered and tested. Here, the record does not contain all the evidence that would have been presented at trial. Appellant was facing 11 counts in the indictment, several of which contained major drug offender specifications, and the plea bargain involved a guilty plea to three counts and a nolle prosequi of the remaining ones. There is no evidence regarding the conditions of the plea bargain, nor did appellant present an affidavit or other evidence that would demonstrate his counsel's ineffectiveness. Appellant also did not produce evidence that demonstrates he would have proceeded to trial without counsel's advice. His bare allegations are insufficient to demonstrate ineffective assistance of counsel. *Hill* at ¶ 16, citing *State v. Kimbrough*, 5th Dist. No. 07-CA-44, 2008-Ohio-4363, ¶ 25.

{¶16} Moreover, appellant did not attach any evidence from outside the record. Where the claim of ineffective assistance of counsel depends on evidence from outside the record, the proper procedure is a petition for post-conviction relief. *State v. Cooperrider*, 4 Ohio St.3d 226 (1983).

{¶17} Appellant's motion to vacate and correct a void sentence is actually a petition for post-conviction relief. See *State v. Holloman*, 10th Dist. No. 07AP-875, 2008-Ohio-2650, ¶ 12. ("A motion to correct or vacate a sentence filed subsequent to a direct appeal is properly treated as a petition for post-conviction relief under R.C.2953.21.") R.C. 2953.21(A)(1)(a) provides for post-conviction relief, as follows:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to

> vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶18} Post-conviction petitions must also be timely, pursuant to R.C. 2953.21(A)(2), which provides that "a petition * * * shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal." Appellant's direct appeal was determined by this court in February 2009, and he filed his motion in December 2011, which is more than 180 days after the trial transcript was filed. Appellant's motion, which was filed years after the deadline, is therefore untimely.

{¶19} When a post-conviction petition is untimely, the trial court lacks jurisdiction to consider it, unless the petitioner demonstrates that he can meet one of the exceptions in R.C. 2953.23(A). *State v. Anderson*, 10th Dist. No. 12AP-516, 2013-Ohio-2454. Appellant must demonstrate that: (1) he was avoidably prevented from discovering facts upon which he relies to advance his petition, or that his claim is based upon a newly recognized federal or state right that applies retroactively to persons in his situation and the petition asserts a claim based upon that right; and (2) clear and convincing evidence demonstrates that no reasonable fact finder would have found him guilty in the absence of the alleged constitutional error. Finally, the trial court could consider an untimely petition if the petitioner presented DNA evidence demonstrating his actual innocence by clear and convincing evidence. *See* R.C. 2953.23(A)(2).

{¶20} Appellant claims that trial counsel failed to advise him not to plead guilty to trafficking in cocaine when the cocaine was not recovered and tested. Appellant cannot justify the untimely petition on the grounds that he was "unavoidably prevented from discovery" of evidence since he knew the charges he was facing and the evidence as summarized by the state at the sentencing hearing. His petition also did not evoke the exception that the United States Supreme Court recognized a new federal or state right that applies retroactively, nor is there DNA evidence involved. Accordingly, appellant's petition does not fit within the R.C. 2953.23(A) exceptions. Since appellant has failed to demonstrate any of the exceptions to the timely filing requirement, his petition was

untimely, and the trial court did not have jurisdiction to consider his petition, and, thus, denial of his motion is proper. Appellant's second assignment of error is overruled.

{¶21} For the foregoing reasons, both of appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____