THE STATE OF OHIO, APPELLEE, *v.* LYNN; CONTI ET AL.,
APPELLANTS.

[Cite as State v. Lynn, 5 Ohio St. 2d 106.]

(No. 39368—Decided February 9, 1966.)

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. George J. Moscarino,* for appellee.
*Mr. Marvin A. Koblentz,* for appellants.

MATTHIAS, J. Appellant Lynn withdrew from the appeal in this court, and this opinion is, therefore, confined to the errors urged by the remaining appellants, who raise two fundamental questions. First, is the doctrine in *Griffin* v. *California* (1965), 14 L. Ed. 2d 106, applicable to cases pending on appeal at the time of its pronouncement?

108

The second question is whether comment by the prosecuting attorney in relation to the failure of one of several joint defendants to testify in a criminal trial constitutes prejudicial error in relation to those defendants who did testify.

At the time of the trial in 1963, comment on the failure of an accused to testify in a criminal trial was permissible under the provisions of the Ohio Constitution and statutes. During the pendency of the appeal, the Supreme Court of the United States announced its decision in the *Griffin case*. The *Griffin case* held that such comment by the prosecuting attorney violated the self-incrimination provisions of the Fifth Amendment which was made applicable to the states by the Fourteenth Amendment.

We must first, therefore, determine whether the *Griffin case* is applicable to those cases pending on appeal at the time of its pronouncement.

In *Pinch* v. *Maxwell, Warden* (1965), 3 Ohio St. 2d 212, this court held that the doctrine was not retrospective in relation to convictions which had become final. The decision in that case was approved by the United States Supreme Court in *Tehan, Sheriff of Hamilton County, Ohio,* v. *United States, ex rel. Shott, Jr.* (1966), 34 U. S. Law Week 4095.

The present case does not require a retrospective application of *Griffin*. Retrospective application of a decision would require application of the new ruling to a conviction which had become final. The term, "final conviction," when used in relation to the doctrine of retrospective application of a judicial ruling means a conviction in which the accused has exhausted all his appellate remedies or as to which the time for appeal as of right has expired.

In other words, the application of a new rule of law to a pending appeal is not retrospective as that word is used in relation to the effect of a new decision on a pending case.

In this case, we are not concerned with a conviction which has become final prior to the adoption of the *Griffin* rule; the appeal from the original conviction was still pending at that time. We hold, therefore, that the *Griffin* rule is applicable to cases which were pending on appeal at the time of its announcement. See *Fahy* v. *Connecticut* (1963), 375 U. S. 85; *Linkletter*

v. *Walker, Warden* (1965), 14 L. Ed. 2d 601; *State* v. *Lanzo* (1965), 44 N. J. 560.

However, footnote 9 to the majority opinion in *Mapp* v. *Ohio* (1961), 367 U. S. 643, 659, states: "As is always the case * * * state procedural requirements governing assertion and pursuance of direct and collateral constitutional challenges to criminal prosecutions must be respected."

Ohio has long followed the general proposition of law that the method of review in a criminal case is an appeal on questions of law, that a record is required, and that the right of a court of review to reverse the judgment of a trial court in appellate proceedings on questions of law is predicated upon its finding error in the proceedings of such court.

Therefore, there exists a duty of vigilance on the part of appellant. Error must be made to appear affirmatively on the record by objection and ruling thereon. In short, one who complains of error must give the trial court a chance to avoid error by calling the court's attention to any alleged error. The following general exception exists, nevertheless, that is dispositive of the contention of Illacqua: "* * * where there are errors of commission in the charge of a court, not induced by the complaining party, a failure to object thereto does not constitute a waiver of the error, and such error may be relied upon in an appeal of such case." *Rosenberry et al., Admrs.,* v. *Chumney* (1960), 171 Ohio St. 48, 50. An examination of the briefs filed in the Court of Appeals in this case discloses that Illacqua preserved this error in that court even though the *Griffin* decision had not yet been announced. See *City of Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22. Therefore, we hold that in the court's charge to the jury the comment on Illacqua's failure to take the stand constituted prejudicial error, and the conviction of Illacqua must be reversed.

This brings us to a consideration of the second question raised in this appeal. Did the comment of the prosecuting attorney on the failure of one of the three codefendants to take the stand constitute prejudicial error in relation to the defendants who did testify?

This contention is one of first impression, at least in this court. Further it is novel, in that it was never argued in the

courts below, even though the defense did correctly anticipate the *Griffin* decision and did argue that point in respect to Illacqua in the Court of Appeals.

As we said earlier in this opinion, one who complains of error must give the trial court a chance to avoid error by calling the court's attention to any alleged error. It is fundamental that one cannot sit idly by while an error is committed by the trial court and then later complain of that error. To so hold would promote useless litigation that could have been promptly cut short by a correct ruling in the trial court. Thus, there must be a ruling sought and acted upon before the trial court can be put in error, and there must be error committed before a reviewing court can reverse a judgment. "It is an established rule of long standing in this state that a constitutional question, either in a civil or criminal action, cannot be raised in the Supreme Court unless it was presented and urged in the courts below. *Hoffman* v. *Staley*, 92 Ohio St. 505, 112 N. E. 1084; *Cuthbertson* v. *State*, 106 Ohio St. 658, 140 N. E. 941; *Zimmerman* v. *Morris Plan Bank of Cleveland*, 113 Ohio St. 703, 150 N. E. 920; and *Village of Clarington* v. *Althar*, 122 Ohio St. 608, 174 N. E. 251." *State, ex rel. King*, v. *Shannon, Judge* (1960), 170 Ohio St. 393, 394.

Section 2505.21, Revised Code, provides in part:

"* * * errors not specifically pointed out in the record and separately argued by brief may be disregarded, but the court may consider and decide errors which are not assigned or specified." In *City of Toledo* v. *Reasonover, supra*, this court, interpreting that section, held that it will not ordinarily consider errors not assigned or specified and not argued by brief in the Court of Appeals. However, this has no application to the situation at hand. In this case, Conti made no objection to the comment he now claims is error, and consequently there is no error for a reviewing court to pass upon.

The Court of Appeals found that there was "no error." Since there is in fact no error shown by the record, this court cannot say otherwise. To now hold that error has been committed here, contrary to the well settled and recognized procedural law of Ohio, would insert chaos and uncertainty into the judicial process of Ohio and allow Conti to bypass the Court

of Appeals contrary to the ruling in *State* v. *Jones* (1965), 4 Ohio St. 2d 13, and the reasoning in *City of Toledo* v. *Reasonover, supra.* Such would not be in the further interest of justice.

Conti's contention that there is not sufficient evidence for a conviction is without merit. From the record it is obvious that there is evidence tending to establish his guilt, as well as evidence tending to exonerate him. Therefore, "where from the evidence reasonable minds can reach different conclusions on the issue of whether the defendant is guilty beyond a reasonable doubt, the case is one for determination by the jury." *State* v. *Antill* (1964), 176 Ohio St. 61, paragraph five of the syllabus.

It follows that the judgment of the Court of Appeals affirming the conviction of Conti must be affirmed.

Therefore, we hold specifically that the comment of the court on the failure of Illacqua to take the stand constituted prejudicial error, as stated in the *Griffin case, supra.* Therefore, the judgment of the Court of Appeals affirming his conviction must be reversed, and the cause remanded to the Common Pleas Court for further proceedings.

However, there is no error as regards Conti, and the judgment of the Court of Appeals affirming his conviction is affirmed.

> *Judgment reversed in part
> and affirmed in part.*

TAFT, C. J., ZIMMERMAN, O'NEILL, HERBERT and BROWN, JJ., concur.