ALI, APPELLANT, v. THE STATE OF OHIO, APPELLEE.

[Cite as *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592.]

(No. 2004–1291—Submitted November 16, 2004—Decided December 15, 2004.)

**Per Curiam.**

{¶ 1} Appellant, Juba A. Ali, was indicted on two counts of rape, as well as counts of gross sexual imposition, kidnapping, and carrying a concealed weapon. Following a trial, a jury found Ali guilty of gross sexual imposition and not guilty of carrying a concealed weapon. The jury could not reach a verdict on the remaining counts. The Summit County Court of Common Pleas sentenced Ali to 18 months in prison on his conviction for gross sexual imposition and adjudicated Ali to be a sexual predator. On appeal, the Court of Appeals for Summit County affirmed. *State v. Ali* (Sept. 9, 1998), Summit App. No. 18841, 1998 WL 597654, appeal not accepted for review (1999), 84 Ohio St.3d 1471, 704 N.E.2d 579.

{¶ 2} In April 1998, a jury retried Ali on the rape and kidnapping counts. The jury found Ali guilty of kidnapping and one count of rape, but found him not guilty of the second rape count. The trial court sentenced Ali to ten-year sentences on each count and ordered that the sentences be served consecutively to each other and consecutively to Ali's sentence for gross sexual imposition. The trial court again determined Ali to be a sexual predator. On appeal, the court of appeals affirmed. *State v. Ali* (Apr. 28, 1999), Summit App. No. 19119, 1999 WL 270420, appeal not accepted for review (1999), 86 Ohio St.3d 1438, 713 N.E.2d 1049.

{¶ 3} Over two years after Ali had exhausted his direct appeals from his criminal convictions, we decided *State v. Comer*, 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473, syllabus, holding that "[p]ursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Id. at paragraph one of the syllabus. We further held that "[p]ursuant to R.C. 2929.14(B), when imposing a nonminimum

sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id. at paragraph two of the syllabus.

{¶ 4} On November 19, 2003, Ali filed a petition in the court of appeals for a writ of mandamus to compel appellee, the state of Ohio, to modify or vacate his sentence or remand his case for resentencing based on *Comer*. Both parties moved for summary judgment. On July 26, 2004, the court of appeals granted the state's motion and denied the writ.

{¶ 5} We affirm the judgment of the court of appeals. Ali has no clear legal right to the retroactive application of *Comer* to his sentences.

{¶ 6} A new judicial ruling may be applied only to cases that are pending on the announcement date. *State v. Evans* (1972), 32 Ohio St.2d 185, 186, 61 O.O.2d 422, 291 N.E.2d 466. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies. Id.; *State v. Lynn* (1966), 5 Ohio St.2d 106, 108, 34 O.O.2d 226, 214 N.E.2d 226; see, also, *State v. Gonzalez* (2000), 138 Ohio App.3d 853, 859, 742 N.E.2d 710; cf. *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 323, 649 N.E.2d 1229, quoting *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, paragraph one of the syllabus (" 'A subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60[B]' ").

{¶ 7} Ali had exhausted his appellate remedies from his convictions and sentences before we decided *Comer*. Therefore, consistent with those appellate courts holding that *Comer* should not be retroactively applied to defendants whose convictions had become final, Ali has no legal right to the application of *Comer* to his case. *State ex rel. Adams v. Krichbaum*, 7th Dist. No. 04–MA–108, 2004–Ohio–4286, 2004 WL 1812737 (mandamus petition to compel vacation of sentence based on *Comer* dismissed because relator had no appeal pending from his conviction and sentence when *Comer* was decided); *State v. Greene*, 6th Dist. No. S–03–045, 2004–Ohio–3456, 2004 WL 1468539, ¶ 10 ("once a conviction has become 'final' because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of his case"); *State v. Harrold*, 9th Dist. No. 21797, 2004–Ohio–3423, 2004 WL 1462991, ¶ 7, fn. 1 ("Assuming the trial court was attempting to comply with the dictates of *Comer* [by resentencing him when he had no appeal pending when *Comer* was decided], it did not have the authority to do so"); *Olds v. State*, 11th Dist. No. 2003–A–0129, 2004–Ohio–1848, 2004 WL 765241, ¶ 3.

{¶ 8} Based on the foregoing, the court of appeals properly denied the writ of mandamus. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

Juba A. Ali, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Philip D. Bogdanoff, Assistant Prosecuting Attorney, for appellee.