OPINION
{¶ 1} Defendant-appellant, Mark Frash, appeals from the August 14, 2008, Entry of the Muskingum County Court of Common Pleas denying his Motion to Void Judgment. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 6, 1999, the Muskingum County Grand Jury indicted appellant on one count of robbery in violation of R.C. 2911.02(A)(3), a felony of the third degree, one count of theft in violation of R.C. 2913.02(A), a felony of the fifth degree, one count of failure to comply with order or signal of a police officer in violation of R.C. 2921.331(C)(1), a felony of the fourth degree, one count of failure to comply with order or signal of a police officer in violation of R.C. 2921.331(C)(3), a felony of the fourth degree, and one count of grand theft auto in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. At his arraignment on February 9, 2000, appellant entered a plea of not guilty to the charges.
 {¶ 3} On April 17, 2000, appellant withdrew his former not guilty plea and pleaded guilty to the charges contained in the indictment. Pursuant to an Entry filed on June 8, 2000, appellant was sentenced to an aggregate prison sentence of three years. The trial court, in its Entry, ordered that appellant's sentence run consecutive to "all sentences imposed in other counties and in Federal Court." Appellant did not appeal his conviction and sentence.
 {¶ 4} Thereafter, on November 2, 2005, appellant filed a Motion to Modify Sentence, seeking an order that his sentence in the case sub judice run concurrently to *Page 3 
his sentence in two Licking County cases. As memorialized in an Entry filed on November 18, 2005, the trial court denied such motion.
 {¶ 5} On June 18, 2008, appellant filed a Motion to Void Judgment, arguing that his conviction and sentence were unconstitutional based on the Ohio Supreme Court decision in State v. Colon, 118 Ohio St. 3d 26,2008-Ohio-1624, 885 N.E.2d 917. Appellant argued that the indictment omitted an essential mens rea element. The trial court denied appellant's motion pursuant to an Entry filed on August 14, 2008, finding that such case was only to be applied prospectively.
 {¶ 6} Appellant now raises the following assignment of error on appeal:
 {¶ 7} "THE APPELLANT WAS DENIED HIS RIGHTS GUARANTEED BY ARTICLE I, SECTION 10 AND 16 OF THE OHIO CONSTITUTION, THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION WHEN THE STATE CONVICTED HIM VIA AN INDICTMENT THAT OMITTED AN ESSENTIAL MENS REA ELEMENT AND THE COURT ABUSED IT'S [SIC] DISCRETION WHEN IT DENIED THE APPELLANT'S MOTION TO VOID JUDGMENT WHICH SEEKED [SIC] TO CORRECT THE ERROR."
 I {¶ 8} Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Void Judgment. Appellant relies upon the case of State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, 885 N.E.2d 917. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. *Page 4 
The court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 9} However, Colon has no application to this appeal. In State v.Colon ("Colon II"), 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, the Ohio Supreme Court clarified its decision in Colon I, and stated as follows:
 {¶ 10} "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. In State v. Evans (1972), 32 Ohio St.2d 185, 61 O.O.2d 422,291 N.E.2d 466, we stated that `application of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." Id. at 186, 291 N.E.2d 466, quoting State v. Lynn (1966), 5 Ohio St.2d 106, 108, 34 O.O.2d 226,214 N.E.2d 226.
 {¶ 11} "We recently restated this principle in Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, at ¶ 6: `A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.' (Citations omitted.)
 {¶ 12} "Therefore, the rule announced in Colon I is prospective in nature and applies only to those cases pending on the date Colon I was announced." Id. at ¶ 3-4.
 {¶ 13} Colon I was decided on April 9, 2008. Appellant's case was not pending on the date Colon I was announced and Colon I, therefore, is not applicable to the case sub judice. We find, therefore, that the trial court did not err in denying appellant's motion. *Page 5 
 {¶ 14} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 15} Accordingly, the judgment of the Muskingum County Court of Common Pleas is affirmed.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1