OPINION *Page 2 
{¶ 1} Defendant-Appellant Danny Rutter appeals his sentence entered by the Muskingum County Court of Common Pleas on one count of Discharge of a Firearm into a Habitation, after the trial court found appellant guilty upon its acceptance of appellant's guilty plea.
 {¶ 2} Plaintiff-Appellee is the State of Ohio.
 {¶ 3} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:
 {¶ 4} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 5} This appeal shall be considered in accordance with the aforementioned rule.
 STATEMENT OF THE CASE AND FACTS {¶ 6} The relevant facts are as follows:
 {¶ 7} On or about December 7, 2005, Defendant-Appellant, Danny Rutter, was indicted by the Muskingum County Grand Jury upon one (1) count of Robbery, in violation of R.C. § 2911.02(A)(2), a felony of the second degree; and one (1) count of Theft, in violation of R.C. § 2913.02(A)(1), a misdemeanor of the first degree.
 {¶ 8} On December 14, 2005, Defendant-Appellant appeared before the trial for arraignment and entered pleas of "not guilty" to both counts set forth in the Indictment. *Page 3 
 {¶ 9} On February 14, 2006, this matter came on for a jury trial. The Defendant-Appellant was present in the courtroom and represented by Attorney Mitchell Marczewski. After hearing the evidence and testimony presented by the parties, the Jury returned a verdict of "guilty" on both counts.
 {¶ 10} On March 27, 2006, Defendant-Appellant was sentenced to a term of eight (8) years on Count One and six (6) months on Count Two, said sentences to be served concurrent to one another.
 {¶ 11} Defendant-Appellant filed a direct appeal of his conviction challenging the validity of the sentence imposed by the trial court.
 {¶ 12} By opinion dated August 1, 2006, this Court, in Muskingum County case number 2006-CA-0025, affirmed Appellant's conviction and sentence. Subsequently, an appeal was filed with the Ohio Supreme Court. However, the Ohio Supreme Court denied Defendant-Appellant leave to file an appeal and dismissed the appeal as not involving any substantial constitutional question.
 {¶ 13} On September 5, 2008, Defendant-Appellant filed a Petition Pursuant to But Not Limited to Civil Rule 60(B) in which he sought to have his conviction vacated by the trial court. The motion indicated that it was filed in reliance upon State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624, 885 N.E.2d 917.
 {¶ 14} By Judgment Entry filed September 16, 2008, the trial court denied said motion, therein stating:
 {¶ 15} "This matter comes before the Court upon Defendant's motion to vacate the judgment. The motion is based upon the Supreme Court's decision in State v. Colon. In that Court's decision on reconsideration it stated that its decision was only to *Page 4 
be applied prospectively, not retrospectively. Therefore, the Defendant's motion is denied."
 {¶ 16} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 17} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO TAKE JUDICIAL NOTICE OF THE FAULTY INDICTMENT WHICH FAILED [SIC] INCLUDE THE ELEMENTS OF THE CRIME CHARGED. THUS DENYING DEFENDANT-PETITIONER OF HIS FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.
 {¶ 18} "II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PETITIONER WHEN IT FAILED TO INSTRUCT THE JURY OF ALL THE ELEMENTS OF THE CRIME. THUS DENYING PETITIONER OF HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW.
 {¶ 19} "III. THE TRIAL COURT ERRED IN DENYING PETITIONER'S PETITION PURSUANT TO BUT NOT LIMITED TO CIVIL RULE 60 (B) AND PURSUANT TO CRIMINAL RULE 52 (B).
 {¶ 20} "IV. THE TRIAL COURT ERRED IN HAVING A TRIAL ON A [SIC] INDICTMENT THAT DID NOT HAVE ALL THE MENS REA ELEMENTS OF THE CRIME CHARGE [SIC]."
 I {¶ 21} In the interests of judicial economy, we shall address Appellant's assignments of error simultaneously. *Page 5 
 {¶ 22} Each of Appellant's Assignments of Error is premised on the case of State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624,885 N.E.2d 917. In Colon, the Ohio Supreme Court held that an indictment for robbery in violation of R.C. § 2911.02(A)(2) omitted an essential element of the crime by failing to charge a mens rea, i.e., that the defendant recklessly inflicted, attempted to inflict, or threatened to inflict physical harm. The court determined that the indictment failed to charge an offense, a constitutional, structural error not waived by failing to raise that issue in the trial court.
 {¶ 23} However, Colon has no application to this appeal. In State v.Colon ("Colon II"), 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169, the Ohio Supreme Court clarified its decision in Colon I, and stated as follows:
 {¶ 24} "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. In State v. Evans (1972), 32 Ohio St.2d 185, 61 O.O.2d 422,291 N.E.2d 466, we stated that `application of a new rule of law to a pending appeal is not retrospective,' and * * * the new rule applie[s] to the cases pending on the announcement date." Id. at 186, 291 N.E.2d 466, quoting State v. Lynn (1966), 5 Ohio St.2d 106, 108, 34 O.O.2d 226,214 N.E.2d 226.
 {¶ 25} "We recently restated this principle in Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, at ¶ 6: `A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.' (Citations omitted.) *Page 6 
 {¶ 26} "Therefore, the rule announced in Colon I is prospective in nature and applies only to those cases pending on the date Colon I was announced." Id. at ¶ 3-4.
 {¶ 27} Colon I was decided on April 9, 2008. Appellant's case was not pending on the date Colon I was announced and Colon I, therefore, is not applicable to the case sub judice. We find, therefore, that the trial court did not err in denying Appellant's motion.
 {¶ 28} Appellant's assignments of error are, therefore, overruled.
 {¶ 29} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Hoffman, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1