OPINION
{¶ 1} Appellant, Charles J. Williams, appeals from the September 2, 2008 judgment entry of the Trumbull County Court of Common Pleas, denying his motion to dismiss the indictment.
 {¶ 2} On November 20, 2001, appellant was indicted by the Trumbull County Grand Jury on three counts of aggravated robbery, felonies of the first degree, in violation of R.C. 2911.01(A)(1) and (C) with firearm specifications in violation of R.C. 2941.145(A); one count of felonious assault, a felony of the second degree, in violation *Page 2 
of R.C. 2903.11(A)(2) with a firearm specification in violation of R.C. 2941.145(A); and one count of complicity to tampering with evidence, a felony of the third degree, in violation of R.C. 2923.03(A)(1) and/or (3) and R.C. 2921.12(A)(1) and (B). On November 21, 2001, appellant entered a not guilty plea at his arraignment.
 {¶ 3} The matter proceeded to a jury trial which commenced on February 4, 2002.
 {¶ 4} On February 8, 2002, the jury returned a verdict of guilty on all counts except count two, one of the three counts of aggravated robbery with a firearm specification, in which the jury found appellant not guilty.
 {¶ 5} On March 13, 2002, a sentencing hearing was held.
 {¶ 6} Pursuant to the March 14, 2002 judgment entry, the trial court sentenced appellant to a term of nine years as to count one, aggravated robbery, and three years as to the firearm specification, with the terms to be served consecutively; nine years as to count three, aggravated robbery, and three years as to the firearm specification, with the terms to be served consecutively to one another and to those of count one; seven years as to count four, felonious assault, with its firearm specification merging with count three, to be served consecutive to all other sentences; and four years as to count five, complicity to tampering with evidence, to be served consecutive to all other sentences, for an aggregate term of thirty-five years.
 {¶ 7} It was from that judgment that appellant filed his first appeal with this court, Case No. 2002-T-0043, asserting the following assignments of error:
 {¶ 8} "[1.] The trial court erred by imposing consecutive sentences upon appellant. *Page 3 
 {¶ 9} "[2.] [Appellant] received ineffective assistance of counsel in violation of his rights pursuant to the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 10} "[3.] [Appellant's] convictions are against the manifest weight of the evidence."
 {¶ 11} On November 14, 2003, this court found appellant's assignments of error to be without merit and affirmed the judgment of the trial court. State v. Williams, 11th Dist. No. 2002-T-0043, 2003-Ohio-6093.
 {¶ 12} On August 13, 2008, appellant filed a pro se motion to dismiss based upon State v. Colon, 118 Ohio St.3d 26, 2008-Ohio-1624.
 {¶ 13} Pursuant to its September 2, 2008 judgment entry, the trial court denied appellant's motion to dismiss. It is from that judgment that appellant filed the present appeal in which he raises the following assignments of error for our review:
 {¶ 14} "[1.] The trial court erred when it failed to grant Appellant's motion since no procedure is specifically prescribed by rule, the court should have proceed (sic) in any lawful manner not inconsistent with the rules of criminal procedure, and looked to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.
 {¶ 15} "[2.] The trial court erred when it denied Appellant's Motion to Dismiss Based Upon State v. Colon, (Ohio 2008) 118 Ohio St.3d 26, 885
N.E.2d 917, Pursuant to Civ. R. 60(B), As Incorporated By Crim. R. 57(B), where no procedure is specifically prescribed by the criminal rules to proceed when an indictment failed to allege the mens rea element of recklessness." *Page 4 
 {¶ 16} In his first assignment of error, appellant argues that the trial court erred by failing to grant his motion to dismiss.
 {¶ 17} In Colon, 118 Ohio St.3d 26 ("Colon I"), paragraph one of the syllabus, the Supreme Court of Ohio held: "[w]hen an indictment fails to charge a mens rea element of a crime and the defendant fails to raise that defect in the trial court, the defendant has not waived the defect in the indictment."
 {¶ 18} However, upon reconsideration, the Supreme Court of Ohio held the following in State v. Colon, 119 Ohio St.3d 204, 2008-Ohio-3749, at ¶ 3-5 ("Colon II"):
 {¶ 19} "Our holding in Colon I is only prospective in nature, in accordance with our general policy that newly declared constitutional rules in criminal cases are applied prospectively, not retrospectively. In State v. Evans (1972), 32 Ohio St.2d 185 * * *, we stated that `"application of a new rule of law to a pending appeal is not retrospective," and (* * *) the new rule applie(s) to the cases pending on the announcement date.' Id. at 186, quoting State v. Lynn (1966),5 Ohio St.2d 106, 108 * * *.
 {¶ 20} "We recently restated this principle in Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, * * * at ¶ 6: `A new judicial ruling may be applied only to cases that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.' (Citations omitted.)
 {¶ 21} "Therefore, the rule announced in Colon I is prospective in nature and applies only to those cases pending on the date Colon I was announced." (Parallel citations omitted.) *Page 5 
 {¶ 22} In the case at bar, appellant's direct appeal was not pending when the Supreme Court of Ohio decided Colon I or Colon II. Appellant had the opportunity to raise the issue of his purportedly defective indictment at the time of his direct appeal but failed to do so. The trial court did not err by denying his motion.
 {¶ 23} Appellant's first assignment of error is without merit.
 {¶ 24} In his second assignment of error, appellant contends that the trial court erred by denying his motion to dismiss because his indictment for aggravated robbery, in violation of R.C. 2911.01(A)(1), was defective since it omitted the element of recklessness.
 {¶ 25} The Supreme Court of Ohio in Colon I found that the defendant's indictment on one count of robbery in violation of R.C. 2911.02(A)(2) was defective, because it failed to include R.C. 2901.21(B)'s catch-all mental element of recklessness for robbery subsection (A)(2)'s actus reas. Colon I, supra, at ¶ 2, 11-15. In order to reach this conclusion, however, the Supreme Court first found that robbery under 2911.02(A)(2) did not impose strict liability, because if a statute "`does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense.'" Id. at ¶ 12, quoting R.C. 2901.21(B); State v. Lozier,101 Ohio St.3d 161, 2004-Ohio-732, at ¶ 18-19, 21.
 {¶ 26} In the case sub judice, by contrast, appellant was indicted on three counts of aggravated robbery in violation of R.C. 2911.01(A)(1), which provides: "[n]o person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall * * * [h]ave a deadly *Page 6 
weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it[.]"
 {¶ 27} The Supreme Court of Ohio has previously found that an (A)(1) aggravated robbery, in which appellant was convicted, is a strict liability offense. State v. Wharf (1999), 86 Ohio St.3d 375, 378. Therefore, Colon's holding is inapplicable to the aggravated robbery charges in this case.
 {¶ 28} In any event, we again note that appellant's direct appeal was not pending when the Supreme Court of Ohio decided Colon I or ColonII. Appellant had the opportunity to raise the issue of his purportedly defective indictment at the time of his direct appeal but failed to do so. The trial court did not err by denying his motion.
 {¶ 29} Appellant's second assignment of error is without merit.
 {¶ 30} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Trumbull County Court of Common Pleas is affirmed. The court finds there were reasonable grounds for this appeal.
MARY JANE TRAPP, P.J., DIANE V. GRENDELL, J., concur. *Page 1