OPINION
{¶ 1} Michael S. Bradley, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court denied his motion to void judgment.
 {¶ 2} On September 6, 2005, the trial court entered a judgment, pursuant to a jury verdict, finding appellant guilty of aggravated robbery, in violation of R.C. 2911.01, which is a first-degree felony; robbery, in violation of R.C. 2911.02, which is a second-degree felony; and robbery, in violation of R.C. 2911.02, which is a third-degree felony. In the *Page 2 
same judgment, the trial court sentenced appellant to a term of incarceration of seven years for aggravated robbery and merged the two counts of robbery for purposes of sentencing. Appellant appealed and, in a March 27, 2006 judgment entry, this court vacated the sentence and remanded the matter for resentencing based upon State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. Upon remand, appellant was resentenced on August 25, 2006, at which time the trial court again imposed a seven-year sentence.
 {¶ 3} On July 7, 2008, appellant filed a motion to void judgment, based upon Civ. R. 60(B) and State v. Colon, 118 Ohio St.3d 26,2008-Ohio-1624 ("Colon I"). On September 2, 2008, the trial court denied the motion. Appellant appeals the judgment of the trial court, asserting the following assignment of error:
 THE COURT ERRED BY FAILING TO VOID APPELLANT'S CONVICTION FOR LACK OF SUBJECT MATTER JURISDICTION.
 {¶ 4} In appellant's sole assignment of error, appellant argues that the trial court erred when it denied his motion to void judgment. We first note that appellant's motion to void judgment was based upon Civ. R. 60(B), and it is not fully clear if the trial court addressed appellant's motion to void judgment as a motion for relief from judgment pursuant to Civ. R. 60(B) or a petition for post-conviction relief. Civ. R. 60(B) can apply in limited instances in criminal cases through the application of Crim. R. 57, which provides that, if no procedure is specifically prescribed by rule, a court may proceed in any manner not inconsistent with the rules of criminal procedure, and must look to the rules of civil procedure and to the applicable law if no rule of criminal procedure exists.
 {¶ 5} However, the Supreme Court of Ohio recently held that the plain language of Crim. R. 57(B) permits a trial court in a criminal case to look to the rules of civil *Page 3 
procedure for guidance only when no applicable rule of criminal procedure exists. See State v. Schlee, 117 Ohio St.3d 153,2008-Ohio-545, ¶ 10. The court in Schlee pointed out that Crim. R. 35 sets forth the procedure by which criminal defendants can file petitions for post-conviction relief. The court found a post-conviction motion under Crim. R. 35 served the same purpose as a Civ. R. 60(B) motion. Id., at ¶ 11. The court in Schlee indicated that a motion for relief from judgment may be treated as a petition for post-conviction relief under R.C. 2953.21, even when the motion has been unambiguously presented as a Civ. R. 60(B) motion, when the motion was: (1) filed subsequent to direct appeal; (2) claimed a denial of constitutional rights; (3) sought to render the judgment void, and (4) asked for vacation of the judgment and sentence. Id., at ¶ 12.
 {¶ 6} In the present case, appellant filed his motion subsequent to his direct appeal of the original conviction and sentence. In addition, appellant claimed that his constitutional rights were violated, he sought to render the judgment void, and he requested the judgment and sentence be vacated. Therefore, we find Schlee applies, and appellant's Civ. R. 60(B) motion must be construed as a petition for post-conviction relief.
 {¶ 7} Analyzing appellant's motion as a petition for post-conviction relief, R.C. 2953.21(A)(2) provides that a petition for post-conviction relief must be filed no later than 180 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. Here, appellant filed his motion to void judgment on July 7, 2008. Therefore, appellant clearly failed to file his petition for post-conviction relief within the applicable period.
 {¶ 8} Pursuant to R.C. 2953.23(A), a court may not entertain an untimely petition unless the defendant initially demonstrates either: (1) he was unavoidably prevented from *Page 4 
discovering facts necessary for the claim for relief; or (2) the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in defendant's situation. R.C. 2953.23(A)(1)(a). If the appellant is able to satisfy one of those two conditions, R.C. 2953.23(A) requires he also demonstrate that, but for the constitutional error at trial, no reasonable fact finder would have found him guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).
 {¶ 9} Here, appellant has not, and cannot, demonstrate either of the first two prerequisites for entertaining an untimely petition for post-conviction relief. Appellant has not claimed that he was unavoidably prevented from discovering facts necessary for his claim for relief. Rather, appellant's claim in his motion was based upon new case law that had developed since his sentencing. Furthermore, appellant does not claim any new federal or state right recognized by the United State Supreme Court that applies retroactively to persons in appellant's situation. The new case relied upon by appellant, Colon I, is a Supreme Court of Ohio case. Therefore, appellant has not met these requirements necessary to entertain an untimely petition for post-conviction relief. Accordingly, appellant's petition was untimely.
 {¶ 10} Notwithstanding, even if appellant had met the procedural requirements of R.C. 2953.21, or even if the motion could be construed as one, pursuant to Civ. R. 60(B), appellant's motion/petition would have to be denied on the merits. In State v. Colon, 119 Ohio St.3d 204,2008-Ohio-3749 ("Colon II"), the Supreme Court of Ohio reconsideredColon I and specifically stated that its decision in Colon I set forth a holding that "is only prospective in nature"; therefore, it does not apply retroactively. Id., at ¶ 3. As a result, "`the new rule applie[s] to the cases pending on the announcement date'" of Colon I. Id., *Page 5 
quoting State v. Evans (1972), 32 Ohio St.2d 185, 186. "`The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies.'" Id., at ¶ 4, quoting Ali v. State,104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6.
 {¶ 11} Here, appellant's case was no longer pending at the time ofColon I, and the time for appealing any judgment had expired. Because his judgment was final before Colon I was announced, Colon I does not apply to appellant's conviction and sentencing. Therefore, regardless of whether appellant's motion is construed as a petition for post-conviction relief or a Civ. R. 60(B) motion, the trial court properly denied it. Appellant's assignment of error is overruled.
 {¶ 12} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and SADLER, JJ., concur. *Page 1