[Cite as *State v. Layne*, 2012-Ohio-1627.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                          :
                                        :
    Plaintiff-Appellee,                 : Case No. 11CA17
                                        :
    vs.                                 : **Released: April 5, 2012**
                                        :
ROBERT G. LAYNE,                        : <u>DECISION AND JUDGMENT</u>
                                        : <u>ENTRY</u>
    Defendant-Appellant.                :
_____

<u>APPEARANCES:</u>

Robert G. Layne, Nelsonville, Ohio, Appellant, pro se.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for
Appellee.

_____

McFarland, J.:

{¶1} This is an appeal from a Highland County Court of Common

Pleas decision and entry denying Appellant's post-sentence motion to

withdraw his guilty plea to attempted gross sexual imposition, a fourth

degree felony in violation of R.C. 2923.02 and 2907.05(A)(4), and

importuning, a third degree felony in violation of R.C. 2907.07(C)(2). On

appeal, Appellant contends that the trial court erred to his prejudice in

sentencing him on both of these convictions, arguing the offenses were

allied offenses of similar import. Because Appellant has failed to

demonstrate any error, let alone plain error with regard to his sentencing, he has also failed to prove a manifest injustice for purposes of withdrawing his plea. Thus, Appellant's sole assignment of error is overruled and the decision of the trial court is affirmed.

FACTS

{¶2} On July 27, 2009, Appellant appeared before the trial court and pled guilty to one count of attempted gross sexual imposition and one count of importuning in exchange for the State's agreement to dismiss two additional charges pending against him, specifically, attempted rape and attempted kidnapping. All of these charges involved the same victim and occurred during a single course of events.[1] The written plea agreement which appears in the record simply indicates that in exchange for Appellant's pleas, the State agreed to recommend five years of incarceration. The sentencing entry issued the same day indicates that the trial court sentenced Appellant to one year on the attempted gross sexual imposition conviction and four years on the importuning conviction, to be served consecutively. There is no indication in the record that Appellant raised the issue of allied offenses of similar import at the plea or sentencing phases.

---

[1] We are limited, however, with regard to the details surrounding Appellant's pleas, as the plea and sentencing hearing transcripts were not made a part of the record on appeal.

{¶3} Approximately twenty one months later, on April 6, 2011, Appellant filed a pro-se motion to withdraw his guilty pleas. The trial court denied the motion in a decision and entry dated May 13, 2011, and it is from this decision that Appellant now brings his appeal, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.    THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT IN SENTENCING HIM ON COUNTS 2 AND 4."

## LEGAL ANALYSIS

{¶4} Appellant has appealed from the trial court's denial of his post-sentence motion to withdraw his guilty pleas. In the sole assignment of error set forth in support of his appeal, Appellant contends that the trial court erred to his prejudice in sentencing him on both attempted gross sexual imposition and importuning, claiming that the two are allied offenses of similar import. Pursuant to Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. "Manifest injustice" is an extremely high standard, which permits a defendant to withdraw his guilty plea only in extraordinary cases. *State v. Smith* (1977), 49 Ohio St.2d 261, 264, 361 N.E.2d 1324. The defendant who seeks to withdraw a guilty plea bears the burden of establishing a manifest

injustice. *Smith* at paragraph one of the syllabus. The decision to grant or deny a post-sentence motion to withdraw a guilty plea is within the sound discretion of the trial court. *Smith* at paragraph two of the syllabus. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715.

{¶5} When reviewing a post-sentence motion to withdraw a plea, a trial court may assess the credibility of a movant's assertions, *Smith,* supra, at 264. An evidentiary hearing is not always required in order to do so. *State v. Boyd*, Montgomery App. No. 18873, 2002-Ohio-1189. "[A]n undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith* at paragraph three of the syllabus. Additionally, a hearing on a post-sentence motion to withdraw a guilty plea is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the guilty plea. *State v. Blatnick* (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016.

{¶6} Here, Appellant filed a post-sentence motion to withdraw his guilty plea asserting that the trial court must permit him to withdraw his guilty plea in order to correct a manifest injustice, namely that his sentence

was contrary to law in that he was ordered to serve consecutive sentences for allied offenses of similar import. We note, as did the trial court in denying Appellant's motion, that Appellant did not file his motion to withdraw his guilty pleas until approximately twenty-one months after he entered them. We further share in the trial court's concern that Crim.R. 32.1 is not a proper vehicle to attack the validity of a sentence. Nevertheless, because it is the vehicle in which Appellant chose and the denial from which the present appeal is brought, we will address it in that framework. However, after reviewing Appellant's assignment of error on the merits and finding no plain error or manifest injustice, and based upon the following, we cannot conclude that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty pleas.

{¶7} Assuming at this juncture that Appellant's offenses constitute allied offenses of similar import, we must be mindful that the issue of allied offenses can be waived by a defendant. *State v. Yost*, Meigs App. No. 03CA13, 2004-Ohio-4687 at ¶ 12; citing, *State v. Thrower* (1989), 62 Ohio App.3d 359, 376, 575 N.E.2d 863 (If a defendant does not raise the issue of allied offenses at trial, the issue is waived for purposes of appeal *unless plain error is shown*.) As set forth above, Appellant did not raise the issue of allied offenses at the trial court level. Nevertheless, "notice of plain of

error under Crim.R. 52 may be taken if, upon review of the record, the record reveals that such error resulted in a manifest miscarriage of justice." *State v. Thrower* at 376; citing *State v. Adams* (1980), 62 Ohio St.2d 151, 154-154, 404 N.E.2d 144.

{¶8} More specifically, this Court has reasoned that "[f]or a reviewing court to find plain error: (1) there must be an error, i.e., 'a deviation from a legal rule;' (2) the error must be plain, i.e., 'an "obvious" defect in the trial proceedings;' and (3) the error must have affected 'substantial rights,' i.e., it must have affected the outcome of the proceedings." *State v. Spires*, Gallia App. No. 10CA10, 2011-Ohio-3661 at ¶ 14; citing *State v. Barnes*, 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240. Furthermore, the Supreme Court of Ohio has admonished courts that notice of plain error under Crim.R. 52(B) is to be taken "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., quoting *State v. Long* (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, at paragraph three of the syllabus.

{¶9} When determining whether multiple offenses should have merged under R.C. 2941.25, "[o]ur standard of review is de novo." *State v. Buckta* (Nov. 12, 1996), Pickaway App. No. 96 CA 3, 1996 WL 668852; See, also, *Coleman v. Davis*, Jackson App. No. 10CA5, 2011-Ohio-506, at ¶

16 ("We review questions of law de novo."), quoting *State v. Elkins*, Hocking App. No. 07CA1, 2008-Ohio-674, at ¶ 12, quoting *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, at ¶ 23.  R.C. 2941.25 provides:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶10} The Supreme Court recently revised the test for determining whether multiple offenses should be merged as allied offenses of similar import under R.C. 2941.25, in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.  Although at first glance it would appear that we should employ the new *Johnson* analysis, the unusual procedural posture of the case sub judice dictates otherwise.  As set forth in *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6:

"A new judicial ruling may be applied only to cases that are pending on the announcement date. *State v. Evans* (1972), 32 Ohio St.2d 185, 186, 61 O.O.2d 422, 291 N.E.2d 466. The new judicial ruling may not be applied retroactively to a conviction that has

become final, i.e., where the accused has exhausted all of his appellate remedies. Id.; *State v. Lynn* (1966), 5 Ohio St.2d 106, 108, 34 O.O.2d 226, 214 N.E.2d 226; see, also, *State v. Gonzalez* (2000), 138 Ohio App.3d 853, 859, 742 N.E.2d 710; cf. *Transamerica Ins. Co. v. Nolan* (1995), 72 Ohio St.3d 320, 323, 649 N.E.2d 1229, quoting *Doe v. Trumbull Cty. Children Serv. Bd.* (1986), 28 Ohio St.3d 128, 28 OBR 225, 502 N.E.2d 605, paragraph one of the syllabus ('A subsequent change in the controlling case law in an unrelated proceeding does not constitute grounds for obtaining relief from final judgment under Civ.R. 60 [B]' ."

{¶11} Here, rather than coming to this Court by way of direct appeal, or delayed appeal, it has come to us on appeal from the trial court's denial of Appellant's motion to withdraw his guilty plea, filed nearly two years after the conclusion of Appellant's case. Appellant was sentenced on July 29, 2009, and he did not appeal his conviction or sentence. *State v. Johnson* was released on December 29, 2010. Appellant filed his motion to withdraw his guilty plea on April 6, 2011. Thus, Appellant's underlying case was closed and there was nothing pending at the time *Johnson* was released. As such, the reasoning of *Johnson*, though current law, is inapplicable to the case sub

judice. Accordingly, the law in effect at the time Appellant was originally sentenced must be applied.

{¶12} As we observed in *State v. Pigge*, Ross App. No. 09CA3136, 2010-Ohio-6541, the Supreme Court of Ohio has interpreted R.C. 2941.25 to involve a two-step analysis:

> " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' " *Pigge* at ¶ 41; quoting, *State v. Harris*, 122 Ohio St.3d 373, 2009-Ohio-3323, 911 N.E.2d 882, at ¶ 10, quoting *State v. Blankenship* (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816; see, also, *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059, 905 N.E.2d 154; *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 14.

**{¶13}** To determine whether offenses are allied offenses of similar import under R.C. 2941.25(A), courts must "compare the elements of offenses in the abstract, i.e., without considering the evidence in the case." *Cabrales* at ¶ 27; see, also, *Harris* at ¶ 12. The elements need not, however, be identical for the offenses to constitute allied offenses of similar import. *Winn* at ¶ 12. The key word is "similar," not "identical." *Winn* at ¶ 12; see, also, *Harris* at ¶ 16 (stating that the offenses need not exactly align to constitute allied offenses). Offenses constitute allied offenses of similar import if, " 'in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other.' "  *Winn* at ¶ 12, quoting *Cabrales* at ¶ 26.

**{¶14}** As discussed herein, Appellant pled guilty to attempted gross sexual imposition and importuning.  R.C. 2923.02(A) defines the offense of attempt as:

> "(A)  No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that if successful, would constitute or result in the offense."

The relevant sections of R.C. 2907.05, gross sexual imposition, provide:

> "(A)  No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two more persons to have sexual contact when any of the following applies:

* * *

(4)  The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person."

Finally, the relevant sections of R.C. 2907.07, importuning, provide:

"(C)  No person shall solicit another by means of a telecommunications device, as defined in section 2913.01 of the Revised Code, to engage in sexual activity[2] with the offender when the offender is eighteen years of age or older and either of the following applies:

* * *

(2)  The other person is a law enforcement officer posing as a person who is less than thirteen years of age, and the offender believes that the other person is less than thirteen years of age or is reckless in that regard."

{¶15} Here, the trial court denied Appellant's motion to withdraw his guilty pleas, determining that the offenses of attempted gross sexual imposition and importuning were not allied offenses of similar import.  In reaching this decision, the trial court relied upon *State v. Mack*, Ottawa App. No. OT-05-004, 2005-Ohio-6406, which was decided under the prior

---

[2] According to the  R.C. 2901.01 definitions sections, "[a]s used in sections 2907.01 to 2907.38 of the Revised Code:  (A) 'Sexual Conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.  (B) 'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person. (C) 'Sexual activity' means sexual conduct or sexual contact, or both."  Thus the "sexual activity" element in importuning would subsume the "sexual contact" element in attempted gross sexual imposition.

reasoning of *State v. Rance*, 85 Ohio St.3d 632, 1999-Ohio-291, 710 N.E.2d 699. *State v. Rance* was the predecessor to *State v. Cabrales* and *State v. Winn* discussed above, and stood for the original proposition that "the first step for determining whether two offenses are allied offenses of similar import requires comparing the statutory elements in the abstract, rather than comparing the offenses as charged in a particular indictment. *State v. Winn* at ¶ 11. Although *State v. Johnson*, supra, specifically overruled *State v. Rance*, we must nevertheless apply *Rance* and its progeny, as explained above, because it was the applicable law at the time Appellant's convictions and sentences became final.

{¶16} After careful review of the elements of both offenses and applying the reasoning of *Rance*, as modified by *Cabrales* and *Winn*, we conclude, as did the trial court, that these offenses are not allied offenses of similar import. Of importance, and as noted in *Mack*, supra, at ¶ 32, "[i]mportuning requires that an individual solicit sexual activity; this element is not required under attempted gross sexual imposition." To further support our conclusion, we make mention of the fact that here, Appellant was convicted of importuning, in violation of R.C. 2907.07(C), which contains an element in addition to the type of importuning at issue in *Mack*. Specifically, as noted above, Appellant was convicted of soliciting

the victims by means of a telecommunications device, an element which certainly does not align with the crime of gross sexual imposition.

{¶17} As such, the trial court's imposition of consecutive sentences for these offenses was not contrary to law and therefore, no plain error has occurred. Likewise, having found no plain error, we cannot conclude that Appellant demonstrated a manifest injustice. As a result, we cannot conclude that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty pleas. Accordingly, Appellant's sole assignment of error is overruled and the decision of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment only.

For the Court,

BY:  _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**