[Cite as *State v. Walker*, 2012-Ohio-6001.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26319 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| CECIL WALKER, JR. | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 2009 09 2928 |

DECISION AND JOURNAL ENTRY

Dated: December 19, 2012

BELFANCE, Judge.

{¶1} Cecil Walker appeals the trial court's denial of his motion for an evidentiary hearing on his sentences. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Walker pleaded guilty to aggravated robbery with an underlying firearm specification, a second charge of aggravated robbery, and to one count of kidnapping. The trial court sentenced him to nine years in prison, and Mr. Walker filed a delayed appeal. Mr. Walker's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no non-frivolous arguments to be made. After a review of the record, this Court agreed and affirmed Mr. Walker's convictions. *See State v. Walker*, 9th Dist. 25362, 2011-Ohio-1898, ¶ 11-12. Mr. Walker moved to reopen his appeal pursuant to App.R. 26(A), but this Court denied his motion.

**{¶3}** Following his appeal, Mr. Walker moved for the trial court to conduct an evidentiary hearing on his sentence, arguing that he had been improperly sentenced for allied offenses. The trial court denied his motion, and Mr. Walker appealed, raising one assignment of error for our review.

## II.

### ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR EVIDENTIARY HEARING ON SENTENCES WHEN RECENT CASE AUTHORITY FROM BOTH[] THE SUPREME COURT AND THIS APPELLATE COURT WARRANTS SUCH HEARING PURSUANT TO O.R.C. 2941.25.

**{¶4}** Mr. Walker's argument is essentially that his sentences are not final because the trial court did not conduct an allied-offense hearing as required by *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. However, "once a valid sentence has been executed, a trial court no longer has the power to modify that sentence except as provided by law." (Internal quotations and citations omitted.) *State v. Ocepek*, 9th Dist. No. 25636, 2011-Ohio-6064, ¶ 6. Mr. Walker's sentence had been carried into execution, and he has directed this Court to no authority to support his contention that failure to conduct an allied-offense inquiry somehow renders a sentence non-final. *See* App.R. 16(A)(7).

**{¶5}** Mr. Walker does argue that the court in *State v. May*, 11th Dist. No. 2010-L-131, 2011-Ohio-5233, held that an allied-offense inquiry must occur before a sentence may become final. However, he misconstrues the holding in *May*. The court in *May* was considering whether *Johnson* retroactively applied to the defendant. *See id.* at ¶ 43, fn. 2. In coming to the conclusion that *Johnson* did apply, it relied on *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, in which the Supreme Court reiterated that "[a] new judicial ruling may be applied only to cases

that are pending on the announcement date. The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all of his appellate remedies." (Internal citation omitted.) *Ali* at ¶ 6; *May* at ¶ 43, fn. 2. Based on *Ali*, the *May* court concluded that *Johnson* applied because it had been decided while the defendant's appeal was still pending. *May* at ¶ 43, fn.2. In other words, the *May* court concluded that *Johnson* applied because the defendant's case was still pending, not that the defendant's sentence was not final because *Johnson* applied.

**{¶6}** Based on the argument advanced by Mr. Walker in his motion below, we cannot conclude that the trial court erred when it denied his motion for an evidentiary hearing on the allied-offense issue. Accordingly, his assignment of error is overruled.

### III.

**{¶7}** Mr. Walker's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

DICKINSON, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶8} I concur in judgment only based on the fact that the trial court lost jurisdiction pursuant to *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98 (1978).

APPEARANCES:

CECIL WALKER, JR., pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.